UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Timothy Tyrone Garvin, # 306717,  ) C/A No. 2:08-2937-HMH-RSC
                                  )
                Plaintiff,        )
                                  )
vs.                               ) Report and Recommendation
                                  ) (Partial Summary Dismissal)
                                  )
Investigator Viktoria Bargmann;   )
Lt. Billy Floury;                 )
Aiken County;                     )
Sheriff Michael E. Hunt;          )
Marrita Scurry;                   )
Lt. Steven Hutto, and             )
Any and all insurance companies,  )
                                  )
                Defendants.       )

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently confined at the Ridgeland Correctional Institution. In the Amended Complaint and attachments thereto filed in this case, he seeks damages and other relief for malicious prosecution and false imprisonment arising from an acquittal and nolle prose on sexual conduct and burglary charges in November 2005 in Aiken County, South Carolina. Plaintiff claims that the Defendants conspired to violate his federal constitutional rights(4th, 5th, and 14th amendments) in connection with their involvement in the criminal case against him. This case is being considered pursuant to 42 U.S.C. §§

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1983; 1985[2] under this Court's federal question and supplemental jurisdiction.

On October 29, 2008, Plaintiff submitted an Amended Complaint in which he, *inter alia*, named three additional Defendants: two individual law enforcement officers, both of whom have now appeared and answered through counsel, and one designated "Any and All Insurance Companies." Plaintiff alleged in his Amended Complaint only that "Any and All Insurance Companies" should "be applied and added as a Defendant in the Civil Conspiracy Claim Element One (1): 'A combination of two or more persons.'" (Entry 24, at 2). There are no specific factual allegations of wrongdoing against this Defendant anywhere else in the Amended Complaint. There is only the additional legal conclusion on page 8 that lists "Any and All Insurance Companies" among the names of the other Defendants as a part of "Civil Conspiracy Claim Element One (1)." (Id., at 8).

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Amended Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following

---

[2] Sections 1983 and 1985 are the procedural mechanisms through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons and/or conspiracies acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of §§ 1983 and 1985 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Amended Complaint filed in this case is subject to partial summary dismissal as to Defendant "Any and All Insurance Companies" under the provisions of 28 U.S.C. § 1915(e)(2)(B).

In order to state claims for relief under 42 U.S.C. §§ 1983 or 1985, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges,

or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law" and/or by conspiracies among state actors. *See* 42 U.S.C. §§ 1983; 1985; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 and/or § 1985 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991). An insurance company is an inanimate object

like a building or facility. It is not a "person" as that term is recognized under §§ 1983 and 1985.

Furthermore, as stated previously, there are no specific factual allegations of wrongdoing against "Any and All insurance companies" contained in the Amended Complaint or any attachments thereto. There are no allegations anywhere in the pleadings saying what happened to Plaintiff relative to any insurance company or what part "Any and All insurance companies" allegedly played in any "conspiracy" to violate his federal constitutional rights. Accordingly, even if "Any and All insurance companies" somehow qualified as a person under §§ 1983 or 1985, which the undersigned believes is not the case, the Amended Complaint is nevertheless frivolous as to that Defendant because there are no allegations of wrongdoing against it.

Under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Since there are no allegations of any wrongdoing on the part of "Any and all insurance companies," Plaintiff's Amended Complaint is both frivolous and fails to state a claim on which relief can be granted as to this "Defendant." *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389n. 2 (4th Cir. 1990)(dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ.*, 56

F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee County*, No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir., Feb. 18, 2003). In absence of substantive allegations of wrongdoing against the named Defendant, there is nothing from which this Court can liberally construe any type of viable cause of action arising from the Complaint. It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

### Recommendation

Accordingly, it is recommended that the District Court partially dismiss the Amended Complaint in this case *without prejudice* and without issuance and service of process as to Defendant "Any and All insurance companies." *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

_____
Robert S. Carr
United States Magistrate Judge

February 24, 2009
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).